# M'Millan *against* Red.

It is not necessary that the widow and heirs should be made parties to a writ of *scire facias*, to revive a judgment and continue its lien upon the land of the decedent. The 34th section of the Act of 24th of February 1834, is not applicable to such cases.

ERROR to the Common Pleas of *Armstrong* county.

This was an action of ejectment by Thomas R. M'Millan against Patrick Red, to recover a tract of land. The plaintiff gave in evidence a patent for the land to Daniel Red, a judgment against him in Butler county, at the suit of Robert Hazlip, to January term 1825. 16th of October 1837, the death of the defendant was suggested, and a writ of *scire facias* issued, Robert Hazlip against James Red, administrator of Daniel Red, deceased, returned " *nihil*"; alias *scire facias*, to December term 1837, returned " *nihil*," and a judgment was entered by default on the 16th of July 1839. Upon a return of " *nulla bona*," a *testatum fi. fa.* was issued to Armstrong county, which was levied on the land in dispute; and upon a *testatum venditioni exponas*, the same was sold to the plaintiff, who brought this ejectment to recover the possession. Upon the offer of the evidence of these facts, the defendant objected, on the ground that the widow and heirs of the deceased, Daniel Red, were not made parties to the writ of *scire facias*, in pursuance of the directions of the 34th section of the Act of 24th of February 1834. The court sustained the objection, and directed a verdict for the defendant.

*Smith*, for plaintiff in error, argued that the Act of Assembly referred to did not apply, either in its spirit or letter, to writs of

*scire facias*, to revive a judgment which had been obtained against the decedent in his lifetime; and referred to 2 *Whart.* 365.

*Buffington, contra.* The Act is peculiarly applicable to a case like the present. The judgment never was charged, or a lien upon the land; and if the party plaintiff designed to charge it, the only persons interested should have had notice. The positive terms of the Act require it. 1 *Watts & Serg.* 293; 1 *Watts* 9; 2 *Watts* 60; 7 *Watts* 334; 4 *Watts* 429.

The opinion of the Court was delivered by

ROGERS, J.—The 34th section of the Act of the 24th of February 1834, enacts, that " in all actions against the executors or administrators of a decedent, who shall have left real estate, where the plaintiff intends to charge such real estate with the payment of his debts, the widow and heirs, or devisees, and the guardians of such as are minors, shall be made parties." Does this section extend to a *scire facias* on a judgment rendered in the lifetime of the deceased, so as to require notice to the heirs, &c., or to original suits, such as actions on bonds, book accounts, and debts of a similar description? The term " all actions" may be made to include the former class, as a *scire facias* is in the nature of an original suit or action; but notwithstanding, I incline to the opinion that this was not intended by the legislature. The section seems to have been drawn, with an eye to the case of *The Executrix of Christman* v. *The Administrator of Fritz*, (13 *Serg. & Rawle* 1), where it is held " that in a suit against an executor, the heirs of the testator, to whom land has descended, *may* be permitted to appear and take defence, in the name of the executor." The attention of the legislature being directed to the subject by that decision, it was thought right that the parties interested should have an opportunity to take defence in such cases, and hence it was directed that those entitled to the real estate to be charged, should be made parties to the suit. I am rather inclined to confine the interpretation of the section to this class, because, such has been the construction of the Act in perhaps a majority of the judicial districts, and to decide now that this construction was wrong, would unsettle many titles held on the faith of it. A different practice has prevailed in other parts of the State, but the construction now given can produce no injury there, as making them parties cannot affect the titles, *utile per inutile non vitiatur.* This is therefore the safest course, and if the legislature choose to extend it to judgments, it can be done, without any danger to existing titles. Besides, the Act of the 4th of April 1798, 3d section, points out the mode of proceeding in a *scire facias* on a judgment against executors and administrators, and there is nothing in the latter Act which satisfies me that it was intended to alter and supply that Act in this particular. I do not put the case on

[M'Millan v. Red.]

the 33d section, because that section is drawn in reference to *Leiper* v. *Levis*, (15 *Serg. & Rawle* 108), and in affirmance of the principle there decided, and consequently has no bearing on this question. In *Chambers* v. *Carson*, (2 *Whart.* 365), it is ruled, that a *scire facias* on a mortgage is not within the section, and that it is not necessary to make the widow, heirs, or devisees, parties. It frequently happens, that from want of due precision in the language of Acts of the legislature, or from some intrinsic difficulty arising from the subject of the enactment, different interpretations are given, not without plausible arguments, in the various judicial districts. And when this is the case, whatever may be our impressions, considering the point entirely new, we feel ourselves bound to avoid that interpretation which tends to unsettle titles.

HUSTON, J., *dissenting*.—Whether the practice on a *scire facias* of directing the sheriff not to serve the writ, but to return *nihil*, though he saw the defendant every day, and on a second *scire facias* and similar return, to sign a judgment, was or was not consistent with a first principle of justice, viz., that no man's property should be taken without an opportunity of being heard, I shall not discuss. After long submission to this practice, the legislature attempted to change it; and by the 39th section of the Act of 13th of June 1836, it was enacted " *In every case* in which a writ of *scire facias* may by law be issued, it shall be served and returned in the same manner as is herein before provided, in case of a summons in a personal action; and judgment for default of appearance may be taken at the same time and in the same manner as in the case of a summons, as aforesaid, *unless it be otherwise specially provided.*" The summons in a personal action was to be served by reading it to him, or giving him notice, or leaving a copy ten days before the return.

But there are cases in which it is otherwise specially provided. By the 34th section of the Act about executors and administrators, of 24th of February 1834, it is enacted, " In all actions against the executors or administrators of a decedent who shall have left real estate, where the plaintiff intends to charge such real estate with the payment of his debt, *the widow and heirs or devisees*, and the guardians of such as are minors, shall be made parties thereto: and in case such widow and heirs or devisees, or their guardians, reside out of the county, it shall be competent for the court to direct *notice of the writ issued therein to be served by publication or otherwise*, as such court may determine by rule of court, and if *notice of such writ shall not be served on such widow and heirs or devisees*, or their guardians, the *judgment obtained in such action shall not be levied or paid out of the real estate of such widow, heirs, or devisees, as shall not have been served with notice of such writ.*"

Section 35th, " In every case of an execution against the execu-

[M'Millan v. Red.]

tors or administrators of a decedent, whether founded on judgment against the decedent in his lifetime, or upon a judgment against them in their representative capacity, if it shall be made to appear to the satisfaction of the court issuing such execution, that there is reason to believe that the personal assets are insufficient to pay all just demands upon the estate, *the court shall thereupon stay all proceedings upon such execution,* until the executors or administrators shall have made application to the proper Orphans' Court for the sale of the real estate of the decedent, or for apportionment of the assets, or of both, as the case may require;" and the next section gives power to the court, on application of the plaintiff, or any one interested, to compel executors or administrators to proceed and sell, by attachment.

It was stated and in fact appears in the notes to *Purdon,* 6th edition, 447, that in some districts, the provisions of this law are not regarded. In some judicial districts, the courts enforce obedience to them. The matter is now first brought before this court, and in plain English, the decision is reversed, because the court thought themselves bound by the law as cited, on the ground that by confirming this decision we may shake some titles. Both the former and present Chief Justice had regretted that there was not a provision for notice to heirs, devisees, and purchasers, before their lands could be taken. I shall not enter on the question of the wisdom or policy of the law. I dissent from reversing a judgment, because the court considered themselves bound by the plain words of an Act of Assembly.

Judgment reversed, and a *venire facias de novo* awarded.