MAY TERM, 1881, No. 147.                        JUNE 8TH, 1881.

# Hall's Appeal.

1. Where a *scire facias* to revive and continue the lien of a judgment was issued within five years against the executor of the defendant, and the *præcipe* contained a suggestion of the death of the defendant and the substitution of the executor, and the *scire facias* was served upon the executor, whereupon judgment of revivor was entered; *Held*, that the suggestion of the death was regular, that it was unnecessary to bring in the executor and make him a party by judgment of the Court, and that the lien of the judgment was preserved.

2. Where the will of a testator authorized and empowered his executors to sell and dispose of his real estate, either by public or private sale, or sales, for the best price that could be gotten for the same, and by proper deed or deeds, conveyances or assurances in the law, duly executed, acknowledged, and perfected by them, to grant, convey, and assure the same to the purchaser or purchasers in fee simple; *Held*, that the executors became the terre tenants of the land, and that in order to revive a judgment which was a lien upon it, notice to them was sufficient, and it was not necessary to make the widow and heirs parties.

APPEAL of Samuel Hall from the decree of the Orphans' Court of *Clinton County*, confirming the report of an auditor

appointed to distribute the estate of Ezekiel Fleming, deceased.

Ezekiel Fleming died January 10th, 1870, having made a last will, dated December 31st, 1869, under which letters testamentary were granted to N. B. Dorey, the other executor named having renounced. The executor filed his account September 20th, 1875, and an auditor was appointed to pass upon exceptions to it and make distribution.

Before the auditor the following facts appeared:

On the 18th of November, 1865, Samuel Welsh obtained a judgment against the testator and S. G. Wright, upon which there remained due, with costs, $1243.22, and at the time of the entry of this judgment Wright owned a tract of land in Clinton County in common with T. Wright and W. S. Woods. Fleming, the testator, bought this land subject to the lien of the judgment against S. G. Wright, January 22d, 1866. After the death of the testator, plaintiff issued a *scire facias* to revive the judgment, September 29th, 1870, against "S. G. Wright and N. B. Dorey, executor of E. Fleming, deceased," which was served on the defendants therein named, alone ; and on the 14th of May, 1872, judgment of revivor was entered for want of an affidavit of defence.

The executor was not substituted by a *scire facias* to appear and show cause why he should not be made a party, but by an indorsement on the præcipe for the *scire facias*, which suggested the death and substituted Dorey as executor.

The testator, July 13th, 1866, executed a mortgage upon this tract of land for $4000, which was afterward assigned to George Hopson, and on the 5th of November, 1867, Samuel Hall, obtained a judgment against the testator and N. B. Dorey for $1500.

The executor sold the land under an order of court, May 16th, 1872, and the proceeds, $5544.90, constituted the fund in court for distribution.

The will of the testator provided, *inter alia:* "I do hereby authorize and empower my said executors hereinafter named, and the survivor of them, to sell and dispose of all my personal property, and also all my real estate wheresoever situate, except the property in the borough of Lock Haven, where I now reside, either by public or private sale, or sales, for the best price that can be gotten for the same, and by proper deed or deeds, conveyances or assurances in the law, duly executed, acknowledged, and perfected by them, to grant, convey, and assure the same to the purchaser or purchasers thereof in fee simple. It is further my will that if, after the payment of all my just debts as aforesaid, there shall yet remain in the hands of my said executors so much money, they shall pay off the

balance of the unpaid purchase-money on the property in which I now live, and that they shall hold the same in trust for the use of my beloved wife, Anna, during her natural life or while she shall remain my widow; and upon her decease or marrying again, it is my will that my said executors shall convey said property to my children, their heirs and assigns, share and share alike."

It was contended before the auditor that the proceedings for the revival of the Welsh judgment were irregular and of no effect, and that the lien of that judgment was gone.

The auditor found that the Welsh judgment was entitled to be paid out of the fund for two reasons:

1st. The will of the decedent passed the land in question to the executors, and the widow and heirs were not terre tenants.

2d. Upon the authority of Lichty, Admr., *v.* Hochstetler, 37 Leg. In., p. 134, the *scire facias* against the executor was sufficient to keep the judgement alive for five years from the date of its issue without service upon the terre tenants, and it was, therefore, at the date of the sale a lien upon the land in question.

He awarded $101.50 to the costs of the audit; $1243.22 to John Q. Welsh, surviving executor of Samuel Welsh; $3892.05 to the Hopson mortgage; and that the balance of $308.13 was applicable to the judgment of Samuel Hall.

Hall filed, *inter alia,* the following exceptions.

4th. The auditor erred in ruling that the lien of the judgment of John Q. Welsh, surviving executor of Samuel Welsh, deceased, against the one undivided third interest of S. G. Wright, in the farm sold by the executor, was continued by the death of E. Fleming, the terre tenant of S. G. Wright, as it would have been under the statute if the title to the land had been in E. Fleming, at the date of the entry of the judgment.

5th. In ruling that the judgment of John Q. Welsh, surviving executor, as originally entered, was a lien on the day of the executor's sale, to wit, May 16th, 1872, on one undivided third of the land irrespective of the *scire facias.*

6th. The auditor erred in finding that the will of decedent passed the land in question to the executors, and the widow and heirs were not terre tenants.

7th. In finding that the *scire facias* was sufficient to keep the judgment alive for five years from the date of its issue without service upon the terre tenants, and it was, therefore, at the date of the sale, a lien upon the land in question.

8th. In awarding to the judgment of John Q. Welsh, ex-

ecutor, etc., of Samuel Welsh, deceased, any portion of the fund for distribution.

On the 31st of March, 1881, the Court below overruled the exceptions and confirmed the report of the auditor absolutely. Hall then appealed, assigning as error these rulings.

*C. S. McCormick* and *S. D. Ball* for the appellant.

If the widow and heirs were not terre tenants, then, by implication, the executors were, and they were not made parties in the manner provided by the 27th section of the act of February 24th, 1834. The *scire facias* did not issue to make them parties, but only to revive the judgment.

Without naming the terre tenants, or directing service upon terre tenants at all, the *scire facias* is served on the original defendant alone, who is not in the occupancy of the land. This is not a compliance with the requirements of the act of 1798 as to service: Armstrong's Appeal, 5 W. & S., 355; McCray *v.* Clark, 34 Leg. In., 78; *In re* Fulton, 1 P. F. Smith, 208; Lusk *v.* Davidson, 3 P. & W., 229; Davis *v.* Ehrman, 8 H., 258; Nicholas *v.* Phelps, 3 H., 36.

The widow and heirs were the terre tenants. Until proceedings are resorted to by the administrator, or by creditors, the right of the heir is absolute: McCoy *v.* Scott; 2 R., 223; Commonwealth *v.* Hilgert, 5 P. F. Smith, 236.

Until divested by the completion of the sale the property belongs to the heirs: Erb *v.* Erb, 9 W. & S., 147.

The clause of the will was only to make provision for the sale of the lands without an order of the Court. No estate vested in the executor. Blight *v.* Wright, 1 Phila., 549; Bleight *v.* The Bank, 10 Barr, 131.

*S. R. Peale* for the appellee.

The lien of the Welsh judgment was prior in time to all others, and had not, in fact, been discharged. Two months before its expiration the *scire facias* to revive was issued and served on S. G. Wright and the executor. The objection that it ought to have been taken to make the executor a party should have been made in the Court below. The writ was not void, for the executor might have appeared at the return, and shown cause why he should not be substituted: Kiehner *v.* Dengler, 1 Watts, 424.

The *scire facias* is clearly within the ruling in Lichty *v.* Hochstetler, 37 Leg. In., 134.

The land having been devised to the executors, they were the terre tenants. It is not necessary to name the terre tenants in the *scire facias*, and service on them is sufficient. The executor, as terre tenant, was served: Colborn *v.* Trim-

[Crowley *et ux. v.* Irvin.]

pey, 36 Penna. State Rep., 463 ; Huston *v.* Mateer, 16 S. & R., 416.

PER CURIAM : The only exception relied on in the oral argument was as to the lien of the Welsh judgment. We see no irregularity of that judgment. It is only when the defendant dies pending the suit, that it is necessary to bring in the executor by a *scire facias,* and have a judgment of the Court making him a party. The suggestion of the death of the defendant in the *præcipe* for the writ, when the defendant is dead when it issues, is entirely regular. It is, besides, very clear that Dorey, the executor of Fleming, was, under the will, the terre tenant of the land, and notice to him was all that was necessary to continue the lien. It was altogether unnecessary to make the widow and heirs parties. We are of opinion, therefore, that the decree of the Court below was entirely right.

Decree affirmed, and appeal dismissed at the cost of the appellant.