## Meinweiser *versus* Hains et al.

1. The mere issuing of a *scire facias*, within five years after the entry of a judgment, continues the lien thereof for a further period of five years from the time the lien of the former judgment would expire.

2. Where one tenant in common conveys to his co-tenant his undivided interest in land which was bound by the lien of a judgment against him and the grantee fails to put the deed on record, a *scire facias* to revive said judgment, issued within five years from the date of its entry, will bind the land in the hands of the co-tenant, although there was no service upon him as terre-tenant of the *scire facias* to revive.

3. The mere occupancy by the co-tenant, without putting upon record the deed to him for the undivided half of the premises, is not such notice of his exclusive claim of title as would discharge the lien of the judgment for want of notice to him as terre-tenant.

October 8th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Jefferson county:* Of October and November Term 1885, No. 115.

[Meinweiser v. Hains.]

Ejectment, by Jacob Meinweiser against B. F. Hains and H. Brady Craig, to recover an undivided half of a lot of ground in the borough of Brookville. Plea, not guilty.

On the trial, before KNOX, P. J., it was agreed that Thomas K. Litch had a valid title to the premises in dispute on and prior to August 2d, 1871. On that day Litch conveyed the whole of said lot to Andrew Craig and Enoch H. Wilson, in equal portions as tenants in common. On June 12th, 1875, William Dickey entered a judgment in the Court of Common Pleas of Jefferson county against Enoch H. Wilson, David McGarey and James McGee for $1,200. On May 31st, 1880, Dickey filed a præcipe for a *scire facias* to revive the said judgment, with notice to all terre-tenants. This *scire facias* was issued on the same day, and was served upon Wilson on May 31st, 1880, upon McGee on June 22d, 1880, and upon McGarey on August 4th, 1880. On October 15th, 1880, judgment was entered, for want of an affidavit of defence, against all the defendants for the amount of the judgment and interest.

On July 18th, 1882, a *fieri facias* was issued on this judgment, and inquisition having been waived on the original judgment, Wilson's undivided interest in the land conveyed to Andrew Craig and him was sold and purchased by Jacob Meinweiser, the plaintiff in this case, to whom a deed was duly acknowledged in open court on September 18th, 1882. Meinweiser then brought this action of ejectment against Hains and H. B. Craig, who were in possession of the property.

The defendants showed the following title: On May 26th, 1879, E. H. Wilson sold his undivided interest in the Brookville lot to his co-tenant, Andrew Craig, and gave him a deed for the same dated the same day. This deed was not recorded until February 17th, 1883. On May 24th, 1879, the defendants entered a judgment against Andrew Craig for $603.38, with interest from May 25th, 1879, waiving inquisition. On January 16th, 1883, a writ of *fieri facias* was issued on this judgment, and the same property was levied upon and sold; it was bought in by the defendants, to whom the deed for the same was duly acknowledged on February 16th, 1883. The defendant then showed that, after the purchase by Andrew Craig in 1879, he had exclusive possession of the lot until February, 1880, at which time he rented it to his son, H. B. Craig, one of the defendants, who continued thereon until the purchase by the defendants at the sheriff's sale.

Defendants further showed that there had been no service of the *scire facias* to revive the Dickey judgment upon either Andrew Craig or H. B. Craig.

Plaintiff requested the court to charge the jury as follows:

[Meinweiser *v.* Hains.]

1. That as A. Craig had put on record the title from Litch to Craig and Wilson, which would sufficiently account for his alleged possession at the time of the revival of the judgment on which Jacob Meinweiser purchased, his alleged occupancy would not be such notice of his exclusive claim of title as would discharge the lien of the judgment for the want of notice to him as terre-tenant. *Answer.*—" Under the facts in this case, as we understand them, gentlemen, we answer this point in the negative." (First assignment of error.)

2. That as the judgment of Dickey *v.* Wilson *et al.* was entered on the 12th of June, 1875, and a *scire facias* issued thereon on the 31st of May, 1880, and under that judgment the property was sold to Meinweiser, the plaintiff, on the 14th of September, 1882, the judgment was a lien against the property at the time of sale, and the verdict of the jury should be for the plaintiff. *Answer.* " We answer that in the negative." (Second assignment of error.)

3. That under the evidence the verdict of the jury should be for the plaintiff. *Answer.* " We answer that in the negative." (Third assignment of error.)

The defendants requested the court to charge " that, under the evidence, the verdict must be for the defendants." *Answer.* " We answer that in the affirmative." (Fourth assignment of error.)

The court charged the jury, *inter alia*, as follows:

Now, it is admitted and conceded that if there were an amicable *scire facias* and the terre-tenant were not brought in, the lien on his property would be discharged. Then, if there is no distinction between the two, between the amicable *scire facias* and the writ of *scire facias* issued in the regular way, the rights are the same so far as the terre-tenant is concerned; then he must have notice of the writ to bind his property, as well as join in the amicable arrangement. Such being the case, and we will say to you that it is very far from being clear of doubt, our mind is very much confused over this thing, and it is not the first time we have thought the matter over. The cases are conflicting; they are so much so that it is very hard to tell just where this will finally end, and it will probably take another court, the Supreme Court, to settle this question and to reconcile these cases, because to our mind they are very troublesome cases, being very far from reconcilable. But let that be as it may, for the purposes of this case we have concluded to instruct you that the service of the *scire facias* upon the terre-tenants in that property on the Dickey judgment was not sufficient to continue the lien longer than the five years dating from the date of the original entry of the judgment, and that as the sale took place seven years

[Meinweiser v. Hains.]

thereafter, the lien had been lost about two years, and there being no lien on the property, that the sale would pass no title.

Verdict for the defendants and judgment thereon.

Plaintiff then took this writ, assigning for error the answers to the points as above and the portions of the charge quoted.

*George A. Jenks* (*Clark* with him), for plaintiff in error.— The deed of Wilson to Andrew Craig was not recorded until after the purchase by Meinweiser, nor was there any notice of such deed given to Meinweiser at or before his purchase.

The court below failed to recognize the distinction between the effect of a *scire facias* issued to revive a judgment by adversary process and an amicable revival.

On part of the plaintiff in error we maintain the issuing of an adversary *scire facias* against the defendants, with notice to terre-tenants if served on the defendants, as in this case, and prosecuted with reasonable diligence, continues the lien of the judgment against the terre-tenants as well as against the defendants for five years from the date of the issuing of the writ, and in support thereof cite Lichty *v.* Hochstetler, 10 Norris, 444, and Porter *v.* Hitchcock, 2 Out., 625.

*A. L. Gordon, Charles Corbet* and *S. A. Craig,* for defendants in error.

Chief Justice MERCUR delivered the opinion of the court October 26th, 1885.

The plaintiff seeks to recover this land by virtue of his purchase at sheriff's sale as the property of one Wilson. It is conceded that the latter was the owner of the land at the time a judgment was recovered against him and others in June, 1875. The contention is whether the lien of the judgment continued until the sale made by the sheriff in September, 1882.

In May, 1879, Wilson sold and conveyed the land to Craig. In May, 1880, a *scire facias* issued on the judgment. It was duly served on Wilson and on the other defendants in the judgment; but was not served on Craig, although he was in possession of the land. In October of the same year judgment was duly entered against Wilson and his co-defendants for the amount of the original judgment and interest. Execution issued thereon by virtue of which the land was levied on, and sold to the plaintiff to whom a deed was made, duly acknowledged in open court, and delivered in September, 1882.

The contention is whether the issuing of the *scire facias* within five years after the rendition of the original judgment,

[Meinweiser *v.* Hains.]

without service on Craig, continued the lien on the land he had purchased of Wilson. The learned judge thought it did not, and instructed the jury to find accordingly.

The Act of 4th April, 1798, as well as the Act of 26th March, 1827, provides that a judgment shall not continue a lien for a longer period than five years unless revived within that time *or* a writ of *scire facias* to revive the same be sued out within said period.

These two procedures are stated disjunctively. Either one fulfills the requirement of the Statute. The suing out of the writ within the five years just as effectually extends the lien beyond that period as if the judgment were actually revived within that time. The Statute is silent as to the time in which a writ thus sued out must be served. Judicial decisions, however, have given construction to its language, and declared the effect of a writ thus duly issued. It is not necessary that the writ be served, nor in case an alias or pluries writ be issued that either be served. The mere issuing of a *scire facias* within five years after the rendition of the judgment, continues the lien for the period of five years from the time the lien of the former judgment would expire. This rule applies as well to a terre-tenant as to the defendant in the judgment: Lichty *v.* Hochstetler, 10 Norris, 444; Kirby *v.* Cash, 12 Id., 505; Porter *v.* Hitchcock, 2 Out., 625.

The Act of 16th April, 1849, Pur. Dig., 947, pl. 10, does not enlarge the rights of a terre-tenant; but on the contrary restrains them. Its effect is not to discharge any lien on his lands which would remain a lien under previous laws; but to continue it still longer if he has not put his deed on record or is not in actual possession of the land by himself or his tenant. In the present case the tenant was in actual possession, and therefore the Act of 1849 does not apply.

The learned judge misunderstood the ruling in Buck's Appeal, 4 Out., 109. He therefore erred in not affirming the several points of the plaintiff, and in not denying the point of the defendants. The fifth specification of error is also sustained.

Judgment reversed and a *venire facias de novo* awarded.