## GEORGE GROVER ET AL. v. JACOB BOON.

ERROR TO THE COURT OF COMMON PLEAS OF DELAWARE COUNTY.

Argued February 13, 1889—Decided February 25, 1889.

1. A judgment entered against a defendant in his lifetime may be revived after his death, for purposes of lien and execution, by scire facias against his administrator alone, and it is unnecessary to bring in the widow and heirs or devisees under § 34, act of February 24, 1834, P. L. 80.

2. It is the proper practice, after a judgment of revival, to issue the execution upon the original judgment: Irwin v. Nixon, 11 Pa. 419, and not upon the judgment on the scire facias; yet, when the issuance is upon the latter, it is but an irregularity which cannot affect the title of a purchaser at sheriff's sale.

3. If, after a judgment of revival against the administrator of the defendant, judgment is obtained in a second scire facias, issued against the widow and the guardian of minor children, a sheriff's sale of the decedent's lands upon executions following the latter judgment will vest a good title in the purchaser.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 274 January Term 1889, Sup. Ct.; court below, No. 82 June Term 1888, C. P.

On May 3, 1888, a summons in ejectment was issued at the suit of George Grover and Mary L., his wife, formerly Mary L. Kitts, in right of said Mary L., Harry E. Kimble and Adelaide

L., his wife, formerly Adelaide L. Kitts, in right of said Adelaide L., against Jacob Boon, to recover an undivided one third interest in a messuage and body of land in Darby township. Issue.

At the trial on October 3, 1888, the plaintiff's case was as follows:

On November 27, 1855, Maria S. Kitts died intestate and seized of the real estate in dispute, leaving a husband, John J. Kitt's, who died on March 9, 1888, and three children, George W. Kitts, William L. Kitts and Jacob L. Kitts, and a grandson, John Gardiner, the son of a deceased daughter, Catherine Gardiner.

William L. Kitts died on January 8, 1865, seized of his interest in the land, leaving a widow, Anna F. (who was afterward the wife of Edward Baker), and three children, to wit:

Mary L. now the wife of George Grover, and who was born March 8, 1860.

John J., who was born November 18, 1861, and died intestate, unmarried and without issue, on August 28, 1882.

Adelaide L. now the wife of Harry F. Kimble, and who was born November 22, 1863.

In 1869, John Gardiner, son of Catherine, died intestate, unmarried and without issue, but leaving to survive him his father Charles Gardiner, who died in 1884 or 1885.

Anna F. Baker, the widow of William L. Kitts, died on January 1, 1882.

The plaintiffs, having shown the defendant's possession, rested.

To maintain the issue on his part, the defendant's case was as follows:

On August 13, 1864, a judgment for $100 was entered against William L. Kitts in favor of William D. H. Serrell. On January 4, 1881, letters of administration upon the estate of William L. Kitts, then deceased, were granted to Alfred J. Wilkinson, and the same day the death of the defendant was suggested upon the record of the said judgment, his administrator substituted, and a writ of scire facias to revive issued to No. 27 March Term 1881. Service of the writ was had on the administrator, and on February 5, 1881, judgment was entered for want of an appearance and liquidated at the sum of $199.

The defendant then offered to show by the records that on February 7, 1881, upon the petition of William D. H. Serrell, Isaac Johnson was appointed by the Court of Common Pleas the guardian ad litem of Mary L. Kitts, intermarried with George Grover, John J. Kitts and Adelaide L. Kitts, minor children of William L. Kitts; that to No. 65 March Term 1881, a scire facias to charge real estate was issued on February 8, 1881, wherein William D. H. Serrell was plaintiff, and Alfred J. Wilkinson, administrator of William L. Kitts, deceased, and Edward S. Baker and Anna F., his wife, George Grover and Mary L., his wife, John J. Kitts and Adelaide Kitts,—the said Anna F. Baker, being the widow, and the said Mary L. Grover, John J. Kitts and Adelaide L. Kitts being the children and heirs of William L. Kitts, deceased,—were defendants; with the judgment thereon entered on May 10, 1881, to No. 65 March Term 1881, against Alfred J. Wilkinson, administrator of William L. Kitts, deceased, Edward Baker and Anna F., his wife, and Isaac Johnson, guardian ad litem of Mary D. Grover, John J. Kitts and Adelaide H. Kitts, minor children of William L. Kitts, deceased, liquidated at $202.

Objected to.

By the court: Objection overruled, offer admitted.[1]

The defendant then offered the writ of fieri facias, at No. 38 June Term 1881, wherein the said William H. Serrell was plaintiff, and Alfred J. Wilkinson, administrator of William L. Kitts, deceased, Edward Baker and Anna F., his wife, and Isaac Johnson, guardian ad litem of Mary L. Grover, John J. Kitts and Adelaide Kitts, minor children of William L. Kitts, were defendants, with the sheriff's return to said writ, and also the writ of venditioni exponas to No. 9 September Term 1881, following the foregoing, and the sheriff's return and deed showing a sale and conveyance of the lands described in the writ to the defendant.

Objected to.

By the court: Objection overruled, offer admitted.[2]

No points were submitted in writing, but, upon the facts shown by the evidence, the plaintiffs claimed that they were entitled to one twelfth of the land in dispute, by descent from Catharine Gardiner; and, that if the title of William L. Kitts

were not divested by the sheriff's sale and deed, they were entitled to one fourth interest additional, making together a third interest.

The court, CLAYTON, P. J., instructed the jury to find for the plaintiffs, for one twelfth of the land described in the writ, and for the defendant for the remainder.

The jury returned a verdict in accordance with said instructions. A rule for a new trial having subsequently been discharged, judgment was entered upon the verdict, when the plaintiffs took this writ, assigning as error:

1, 2. The admission of defendant's offers.[1] [2]

*Mr. E. H. Hall*, for the plaintiffs in error:

There was no objection made to the judgment obtained on the scire facias to revive, entered against the personal representative, nor could there be any. If the execution had been upon this judgment, and there had been a proper levy, this case would not be here.

1. The common law principle is, that an "infant is sued in his own name alone, but he appears to defend his cause by guardian, being supposed to be without discretion to appoint an attorney for that purpose. . . . . It is within the province of every court to appoint a guardian ad litem, when a party in a suit is an infant:" 1 Shars. Bl. Com., 463, n. 12. This is the common law rule. But the remedy sought in this proceeding is purely statutory. In other actions, dower, partition, waste, ejectment, nuisance, and all other pleas of land, § 83, act of June 13, 1836, P. L. 587, provide for the manner of service if a defendant is a minor above the age of 14 years ; " service thereof shall be made upon him, in the same manner as is directed by law in the case of adults." In the Orphans' Court, a guardian can be appointed for a minor over 14, only upon his own petition ; so that the minor in such case always has notice.

2. Section 34, act of February 24, 1834, P. L. 80, provides that in all actions to charge the real estate of decedents with the payment of their debts, " the widow and heirs or devisees, and the guardians of such as are minors, shall be made parties thereto, and if notice of such writ shall not be served on such widow and heirs or devisees and their guardians, the judgment obtained in such action shall not be levied," etc.

Wherefore, it is submitted that the scire facias and judgment thereon, in the present case, were irrelevant to the issue, because the judgment had been rendered against a guardian who had not been made a party to the writ; and even if he had been made a party, the judgment could not be levied or paid out of the interests of the minors, without notice to them.

3. Where a judgment has been recovered against a man in his lifetime, within twenty years prior to his death, the same may be revived after his death by a scire facias against his personal representative. The judgment is, however, but an award of execution, and has a lien only upon the land bound by the lien of the original judgment which has been revived. But the new judgment is only a continuation of the original: Shaeffer v. Child, 7 W. 84; and the execution should always be issued upon the original judgment, and not as is sometimes ignorantly done, on the scire facias: Irwin v. Nixon, 11 Pa. 426.

4. The judgment entered on the scire facias to charge the land, was against the administrator, the widow and the guardian of the minors. Now, the interest in land passing by a sheriff's sale is to be determined by the extent of the levy: Hoffman v. Danner, 14 Pa. 25. In the present case, the levy was upon "the estate, right, title and interest of the defendants." Neither of the defendants had any interest in the lands of the decedent subject to seizure on the writ. The levy should have been from the former judgment and upon the estate of the decedent in the lands: Hoffman v. Danner, 14 Pa. 25; Directors of Poor v. Royer, 43 Pa. 146.

*Mr. Edward A. Price*, for the defendant in error:

1. It is true that when the second scire facias issued against the administrator, the widow and heirs were joined, as though under § 34, act of February 24, 1834, P. L. 80; but such joinder was unnecessary: McMillan v. Red, 4 W. & S. 237; Riland v. Eckert, 23 Pa. 215; Middleton v. Middleton, 106 Pa. 252. The judgment taken against the administrator on May 10, 1881, was as good to found an execution upon as was the judgment of February 5, 1881. Successive writs of scire facias to revive a judgment will lie against an administrator, with the same effect: McMurray v. Hopper, 43 Pa. 468.

2. It is the universal rule in Pennsylvania, to issue execution on the judgment on the last scire facias, although the rule in England appears to be different, and the practice seems to be deprecated in Irwin v. Nixon, 11 Pa. 419; but a disregard of the rule would not vitiate the sale. The original judgment and that of February. 5, 1881, being admittedly good, a sale under the judgment of May 10, 1881, would be good, even though irregular, because in fact it was a mere judgment that execution should issue: Evans v. Meylert, 19 Pa. 409.

3. If the judgment on which the fieri facias issued was of any value against the widow and heirs, the levy was certainly good also and the subsequent sale passed what interest they had to the purchaser. If, however, the judgment against them is not to be considered, there is remaining a good judgment against the administrator; the levy under that was good and the sale passed the interest of the decedent: Jones v. Gardner, 4 W. 416; Middleton v. Middleton, 106 Pa. 252.

4. If the language of the levy were ambiguous, it was the province of the court to construe it and determine what it covered; Hoffman v. Danner, 14 Pa. 25; Fister v. Greenawalt, 1 W. N. 322; Inman v. Kutz, 10 W. 100; Donaldson v. Bank of Danville, 20 Pa. 247. A complete answer to the objection of irregularity of process is, that the sale being made on a good judgment was not void, but at best voidable only, and the acknowledgment of the sheriff's deed cured the irregularity: Shields v. Miltenberger, 14 Pa. 76; McFee v. Harris, 25 Pa. 102: Duff v. Wynkoop, 74 Pa. 300. The act of 1705, § 9, 1 Sm. L. 61, is a complete shield to the purchaser, and would be so even if the judgment on which the sale was made were reversed: Fetterman v. Murphy, 4 W. 424; Hays v. Shannon, 5 W. 548; Feger v. Keefer, 6 W. 297; Martin v. Gernandt, 19 Pa. 129; Gibson v. Winslow, 38 Pa. 49; Duff v. Wynkoop, 74 Pa. 300.

PER CURIAM:

No objection was made to the judgment obtained against the administrator of William L. Kitts upon the scire facias. If the executions and sale had been upon this judgment, it is conceded such sale would have been regular. A scire facias was subsequently issued under the act of 1834, to bring in the

widow and heirs. Three of the heirs were minors and a guardian ad litem was appointed to protect their interests. The guardian does not appear to have been formally made a party, nor was he named in the scire facias. The minors, however, are parties of record and named in the writ. It was alleged that the said minors were over fourteen years of age and that service should have been made upon them, as well as upon the guardian ad litem. The return of the sheriff was not given, and we cannot say whether service was made upon the minors. Judgment was taken against the administrator, the widow, and the guardian ad litem A fieri facias was issued upon this last judgment against the defendants named therein, and a levy made upon all the undivided estate, right, title and interest of the within named defendants of and in the three tracts of land above mentioned. A venditioni exponas was then issued against the same parties and the land levied upon and condemned was sold by the sheriff and purchased by the defendant in error. It was claimed that these proceedings were irregular; that the judgment against the minor children was improperly entered; that the levy and sale should have been on the original judgment instead of the judgment of revival, and that the levy was upon the interest of the widow and heirs, instead of being upon the land of the decedent.

It is sufficient to say in regard to the first objection that it was unnecessary to bring in the widow and heirs under the act of 1834. It was held in Middleton v. Middleton, 106 Pa. 252, that where a judgment has been recovered against a man in his lifetime, it may be revived after his death, for the purpose of lien and execution, et quare executionem non, issued against his personal representatives alone. In such case it is unnecessary to bring in the widow and heirs by scire facias against them. See also Riland v. Eckert, 23 Pa. 215; McMillan v. Red, 4 W. & S. 237. If we concede that the proceeding to bring in the widow and heirs was irregular, it has injured no one and the judgment against the administrator was certainly good. In regard to the second ground of objection, it may be admitted that the proper practice is to issue the execution upon the original judgment and not upon the judgment recovered upon the scire facias: Irwin v. Nixon, 11 Pa. 419. This, however, is but an irregularity and cannot affect

the title of a purchaser at sheriff's sale. The original judgment, and that of February 5, 1881, being admittedly good, a sale under the judgment of May 10, 1881, even though irregular, would be good. The latter was a mere judgment that execution should issue: Evans v. Meylert, 19 Pa. 402.

We regard the levy as a levy upon the lands of the decedent. A levy on the actual lands left by the decedent, under an execution issued on a judgment against the administrator, followed by a sale, vests a good title in the purchaser: Jones v. Gardner, 4 W. 416; Middleton v. Middleton, 106 Pa. 252. The fact that the interest of the widow and heirs was also levied upon did no harm. It was the administrator who represented the decedent, and upon the execution against him the levy was not upon his lands but upon the lands of the decedent. Aside from this the defendant was entitled to the protection of the act of 1705.

Judgment affirmed.