## Specht v. Sipe.

*Lien of judgment—Sci. fa. to revive—Service on personal representatives of decedent.*

The mere suing out of a writ of scire facias is effectual to continue the lien of a judgment for five years. For the purposes of lien the widow and heirs or devisees of a defendant in a judgment need not be made defendants in a scire facias issued after his death, but within five years after the date of the judgment. In such case, there being no other terre-tenant, the writ is properly served on the personal representatives.

*Lien of judgment— Standing of purchaser from heir.*

A purchaser from the heirs or devisees of the defendant in a judgment who takes title after the issuing and service of a scire facias to revive the judgment, has no more rights than they to contest the lien upon the ground that they were not made parties.

*Presumption of validity of record—When not rebuttable.*

The fact that there are apparent erasures and interlineations in the record of a judgment does not destroy its validity, the presumption being that they were attributable to clerical mistake of the officer or his clerk, which was corrected as soon as made; this presumption is not rebuttable by parol proof on the trial of a sci. fa. to revive the judgment.

Argued May 8, 1900.    Appeal, No. 206, April T., 1900, by plaintiff in suit of Josiah Specht, administrator of David Specht, deceased, against Jonas Sipe, executor of the last will and testament of Michael Sipe, deceased, and Emanuel Lape, terretenant, from judgment of C. P. Somerset Co., Sept. T., 1896, No. 18, in favor of defendant non obstante veredicto.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Reversed.    Opinion by RICE, P. J.

Sci. fa. to revive judgment.    Before LONGENECKER, P. J.

The following facts appear from the record and are found by the Superior Court:

On March 17, 1886, to No. 118, May term, 1886, judgment was entered against Isaiah Sipe and Michael Sipe; on July 23, 1889, Michael Sipe died testate; on January 22, 1891, a scire facias "with notice to Jonas Sipe, executor of Michael Sipe, deceased," to revive the foregoing judgment issued to No. 219, February term, 1891, which was duly returned served on the executor on February 6, 1891, and on January 24, 1895, Emanuel Lape took a deed from the widow and heirs of Michael Sipe for the land bound by the lien of the original judgment.    To recapitulate, the scire facias issued and was served on the executor within five years from the date of the original judgment and Lape took title within five years after the issuing of the writ. . . . Defendant alleges, and against objection was permitted to show, that at the time he purchased, the following entry appeared on the continuance docket in No. 219, February term, 1891: " June 11, 1891, Scott & Ogle, Esqs., appear for the defendants Isaiah Sipe and Michael Sipe, and confess judgment against them in default of an appearance sec. reg.," which, after his purchase,

was altered by some one unknown, so as to read: "June 11, 1891, Scott & Ogle, Esqs., appear for the defendant, Jonas Sipe, executor of Michael Sipe, deceased, and confess judgment against him in default of an appearance, sec. reg. . . ." He admits that he knew of the existence of the original judgment; he knew also from an examination of the record that a scire facias to revive the same, " with notice to Jonas Sipe, executor of Michael Sipe, deceased," had been issued and duly served on the executor within five years after the date of the judgment.

The court directed a verdict for plaintiff for $226.66 and subsequently on motion entered judgment in favor of defendant non obstante veredicto, reducing the judgment for plaintiff from $226.66, the amount claimed, to the sum of $59.15, the amount of purchase money still remaining in the hands of the defendant Lape, with accrued interest thereon, the verdict to be modified accordingly.   Plaintiff appealed.

*Error assigned* was in entering judgment for defendant non obstante veredicto and modifying and reducing the verdict to the sum of $50.00 with interest thereon.

*W. H. Koontz,* for appellant.

*W. H. Ruppel,* with him *A. H. Coffroth* and *F. W. Biesecker,* for appellees.—A record is entitled to great sanctity in the law, but then it must be an honest record.   It is in vain to talk of the danger of altering or explaining a record by parol; everything imbued with fraud must give way before credible sworn testimony: Lowry v. McMillan, 8 Pa. 157, 163; Jordan v. Stewart, 23 Pa. 244; Thorne v. Ins. Co., 80 Pa. 15.

In the absence of fraud a record cannot be impeached and contradicted by parol evidence: Cumberland Co. v. Boyd, 113 Pa. 52.

The proper practice when errors, clerical or other, are discovered, is not to deface the record with erasures or blots or interlineations, but to put on it an explanation showing the error, how it was made and how and when and by whom corrected.   Only in this manner can the record avoid occasional conflict with itself and bear convincing testimony that it is, as it imports, absolute verity: Glasgow v. Kann, 171 Pa. 262; Smith v. United States, 69 U. S. 219.

OPINION BY RICE, P. J., October 8, 1900:

By the Act of March 26, 1827, P. L. 129, which regulated the duration and the revival of the liens of judgments, and which, so far as it relates to the question before us, was re-enacted in the amendment of June 1, 1887, P. L. 289, the mere suing out of a writ of scire facias is effectual to continue the lien of a judgment for a period of five years from the date of issuing the writ: Meinweiser v. Hains, 110 Pa. 468; Howes v. Dolan, 9 Pa. Superior Ct. 586, and cases there cited. For the purpose of lien the widow and heirs or devisees of a defendant in a judgment need not be made defendants in a scire facias issued after his death, but within five years after the date of the judgment. In such case, there being no other terre-tenant, the writ is properly served on the personal representatives: McMillan v. Red, 4 W. & S. 237; Riland v. Eckert, 23 Pa. 215; Middleton v. Middleton, 106 Pa. 252; Grover v. Boon, 124 Pa. 399; Hall's Appeal, 1 Penny. 223. A purchaser from the heirs or devisees of the defendant in the judgment, who takes title after the issuing and service of the scire facias as above stated, has no more right than they to contest the lien upon the ground that they were not made parties. See Bie-secker v. Cobb, 13 Pa. Superior Ct. 56. The application to the case in hand of these principles, for which it was scarcely ne-cessary to cite authorities, is plain. On March 17, 1886, to No. 118, May term, 1886, judgment was entered against Isaiah Sipe and Michael Sipe; on July 23, 1889, Michael Sipe died testate; on January 22, 1891, a scire facias "with notice to Jonas Sipe, executor of Michael Sipe, deceased," to revive the foregoing judgment issued to No. 219, February term, 1891, which was duly returned served on the executor on February 6, 1891, and on January 24, 1895, Emanuel Lape took a deed from the widow and heirs of Michael Sipe for the land bound by the lien of the original judgment. To recapitulate, the scire facias issued and was served on the executor within five years from the date of the original judgment, and Lape took title within five years after the issuing of the writ. How then can it be said that he took the land freed and discharged from the lien? Clearly he could not say that, if there were no more in the case than we have stated. But he alleges, and against objection was permitted to show, that at the time he purchased,

the following entry appeared on the continuance docket in No. 219, February term, 1891 : "June 11, 1891, Scott & Ogle, Esqs., appear for the defendants Isaiah Sipe and Michael Sipe and confess judgment against them in default of an appearance sec. reg.," which, after his purchase, was altered by some one unknown so as to read : "June 11, 1891, Scott & Ogle, Esqs., appear for the defendant, Jonas Sipe, executor of Michael Sipe, deceased, and confess judgment against him in default of an appearance, sec. reg." Granting for the sake of the argument that the state of the record when Lape purchased was as he claims it to have been, it does not follow as a necessary legal conclusion that the land was at that time free of the lien of the judgment. He admits that he knew of the existence of the original judgment, he knew also from an examination of the record that a scire facias to revive the same, "with notice to Jonas Sipe, executor of Michael Sipe, deceased," had been issued and duly served on the executor within five years after the date of the judgment. This, as we have shown, was effectual to continue the lien for a period of five years from the date of issuing the writ, and this period had not expired when he purchased. It is thus seen that Lape did not buy in ignorance of the lien. Even if the record then showed that on June 11, 1891, a totally irregular, unauthorized and void judgment was confessed against Michael Sipe, who had been dead for nearly two years, this entry on the continuance docket did not have the effect of extinguishing the lien, nor could it have misled the purchaser. We are all of opinion that the land was subject to the lien of the judgment when be bought.

We come then to the second question. This was a scire facias upon the judgment of revival entered in No. 219, February term, 1891. The pleas were "nul tiel record," and "payment with leave to give special matter in evidence." On the trial the defendants contended, first, that the plaintiff was bound to explain the interlineations and erasures in the record before it could be received in evidence; second, that the fact of the alteration of the record having been sworn to by the defendants' witnesses, and no counter or explanatory proof having been given by the plaintiff, it was the duty of the court to sustain the plea nul tiel record and direct a verdict for the defendants. Neither of these positions can be sustained.

In Sheip v. Price, 3 Pa. Superior Ct. 1, we had occasion to consider the general questions involved in both of these propositions. As to the first we said: "It is much to be deplored that an interlineation, an alteration or an erasure should ever appear upon a judicial record, but it would be intolerable to hold that a party in no way responsible for the keeping of the records must explain it or be deprived of the rights which the record was intended to give him. If he must do that in this case he must do it in any form of proceeding in which he might desire to use the record as evidence, and at any length of time after the act recorded. In many cases this would be an impossibility. If one takes an instrument bearing on its face evidence of material alteration, it is not unreasonable to require him to prove that the alteration was made before execution or with the consent of the other party, for he is not bound to take such a paper, and when he has taken it the law presumes that he not only satisfied himself of the innocence of the transaction, but that he provided himself with the proofs of it to meet a scrutiny he had reason to expect: Simpson v. Stackhouse, 9 Pa. 186. But it is not so with a record which the party neither makes nor has custody of." The authorities cited as to the duty of a party offering a paper to explain material interlineations and erasures relate to private writings and do not apply to a record of judicial proceedings. The fact, therefore, that there are apparent erasures and interlineations in the record of a judgment does not destroy its validity, the presumption being that they were attributable to clerical mistake of the officer or his clerk which was corrected as soon as made. According to the weight of authority this presumption is not rebuttable by parol proof in the trial of an action on the judgment, or in a similar proceeding such as this. In Adams v. Betz, 1 W. 425, there was a controversy between two judgment creditors and the question was whether one of the judgments was entered at August or at November term. If it was entered at the former term the scire facias was not issued in time to continue its lien and preserve its priority over the lien of the other judgment creditor. It appeared from the record that a pen had been run through November and August written above it. The trial court submitted the question to the jury on all the evidence and this was held to be error. Referring to the case of Dick-

son v. Fisher, 1 W. Bl. 664, and the application of the principle of that case to the case before them, the Supreme Court said: "This case then decides, that a record found in the proper office, shall be intended to have been always in the same state in which it is found; and parol evidence cannot be received to prove it is wrong, though it might be admitted to show it is right. The charge of the court is in direct contradiction of the principle laid down in this case, which is conclusive against the right of the jury to decide the question submitted to them by the court below." The case of Hoffman v. Coster, 2 Wh. 453 was thus stated in the syllabus: In ejectment by a person claiming under a deed from Nathaniel S., who was alleged to have purchased the premises at a sheriff's sale, it was held that parol evidence was not admissible to show that the acknowledgment by the sheriff was originally of a deed to Nathaniel S., and that afterwards the prothonotary's clerk, at the instance of Charles S., and by collusion with him, erased the name of Nathaniel S. and substituted that of Charles S., the defendant claiming by deed from Charles S. The doctrine of this case as stated in the learned, exhaustive and vigorous opinion of Justice SERGEANT was questioned by Justice HUSTON in Brotherline v. Mallory, 8 W. 132 (at 136), but it was reasserted in Morris v. Galbraith, 8 W. 166, and has been recognized and applied in many later cases. And even in Brotherline v. Mallory, supra, Justice HUSTON said: "Where, however, the clerk has amended the record so as to have made it precisely what the court would have made it, if application had been made to them, I entirely agree to the principle of 3 Taunt.; the court will not say it is void." The record offered and admitted in evidence in the present case asserts that on June 11, 1891, judgment was entered against Jones Sipe, executor of Michael Sipe, deceased. This was the entry which the plaintiff ordered to be made and was entitled to have made on that day as the other entries, about which there is no dispute, and the papers on file conclusively show. There is no inconsistency and no ambiguity in the record. It is self-sustaining and self-explanatory. Nor is it alleged in the evidence that the plaintiff was concerned in the procurement of any alteration that may have been made. As we have shown, Lape bought subject to the lien and with notice of it. If, after he bought, the record was

altered, he had a right to make direct application to the court to have it corrected and restored to its original condition if it was erroneous; therefore, neither necessity nor any other consideration can be pleaded as an excuse for departing from the general rule, that in an action on, or a scire facias to revive, a judgment, if the question be as to the contents of the record sued upon, the trial is by the inspection of the record itself, and that alone, if it be of the same court. We have carefully examined all the cases cited by the defendants' counsel but do not find that they conflict with the foregoing conclusions. Doubtless the strict rule of law as stated in Adams v. Betz has received modification, and possibly there are exceptions to the general rule last stated, but we do not think this case is one of them. It follows that it would have been error for the court to take the parol testimony introduced by the defendants as verity, and upon it declare that the judgment was a nullity. And if the plea nul tiel record could not be sustained the plaintiff was entitled to judgment for the full amount.

The judgment is reversed and judgment is now directed for the plaintiff on the verdict.