## Vaselenak v. Moxham National Bank of Johnstown, Admr.

*Weimer & Bennett*, for plaintiff.

*Albert W. Stenger*, for defendant.

GREER, J., September 14, 1936. — Joseph Lengyel, guardian of Joseph Vaselenak, obtained a judgment to no. 569, December term, 1935, in the real debt of $3,500, against the Moxham National Bank of Johnstown, Pa., administrator d. b. n. c. t. a. of James W. Reese, deceased, on which judgment a writ of fi.·fa. issued to no. 60, December term, 1935; and on June 1, 1936, certain real property was sold to Joseph Lengyel, guardian of Joseph Vaselenak, for the sum of $2,505.

The sheriff made a distribution of the funds in his hands arising from the sale of the said real estate, as follows: Costs incident to the writ, $128.88; taxes, $580.05; leaving a balance of $1,796.07. Of this balance, $1,742.13 was awarded the Union National Bank of

Johnstown in full of a judgment of said bank against Milton Reese, executor, et al., entered to no. 657, December term, 1935, with interest from April 21, 1930, and costs. The balance of $53.94 was awarded to Joseph Lengyel, guardian of Joseph Vaselenak, on account of his judgment against the Moxham National Bank, administrator d. b. n. c. t. a. of the estate of James W. Reese, to no. 569, December term, 1935.

To this distribution exceptions were filed by counsel for Joseph Lengyel, guardian as aforesaid, averring that the allowance to the Union National Bank of Johnstown was improper, in that the lien of said judgment had been lost through its failure to revive within five years from the date of entry.

The judgment of the Union National Bank was originally entered on April 21, 1930, to no. 288, March term, 1929, in the sum of $1,235.79. Within five years from the date of entry, on April 18, 1935, a præcipe for a writ of sci. fa. was filed in the office of the Prothonotary of Cambria County to revive said judgment, returnable the first Monday of June 1935. A plaintiff's liquidation was also filed on May 31, 1935. On August 5, 1935, the original writ of sci. fa. was marked stayed, and on the same day a præcipe was filed for an alias writ of sci. fa., returnable the first Monday of September 1935, which writ was likewise marked stayed by the attorney for plaintiff, after the return day thereof, on October 23, 1935; and on November 12, 1935, a præcipe for a pluries writ of sci. fa. was filed, returnable the first Monday of December, 1935, on which judgment was entered after personal service on December 26, 1935. The original writ of sci. fa. to revive was placed in the hands of the sheriff, but no return thereon was ever made.

The sole question for determination is whether the failure to serve the original writ to revive and to make return thereon by the sheriff to the next term caused the lien of the judgment to be lost.

It is not questioned that the original writ of sci. fa. passed into the hands of the sheriff, and hence there was an issuance thereof: Johns' Estate, 253 Pa. 532.

We have found that the writ of sci. fa. was sued out within five years from the date of the entry of the original judgment, and, this being the case, such suing out is effectual to continue the lien of the judgment for a period of five years from the date of the issuing of the writ: Meinweiser v. Hains et al., 110 Pa. 468 (1885); Campbell's Estate (No. 2), 22 Pa. Superior Ct. 432 (1903); Specht v. Sipe, 15 Pa. Superior Ct. 207.

In the former case the Act of April 4, 1798, 3 Sm. L. 331, and the Act of March 26, 1827, 9 Sm. L. 303, are both discussed, and in the course of the opinion delivered by Mr. Chief Justice Mercur, it is stated:

"The suing out of the writ within the five years just as effectually extends the lien beyond that period as if the judgment were actually revived within that time. The Statute is silent as to the time in which a writ thus sued out must be served. Judicial decisions, however, have given construction to its language, and declare the effect of a writ thus duly issued. It is not necessary that the writ be served, nor in case an alias or pluries writ be issued that either be served. The mere issuing of a *scire facias* within five years after the rendition of the judgment, continues the lien for the period of five years from the time the lien of the former judgment would expire. This rule applies as well to a terre-tenant as to the defendant in the judgment".

The opinion in Campbell's Estate, supra, was delivered by Smith, J., in which it was held that merely to issue a writ of sci. fa. to revive a judgment without more on the last day of the five years after the judgment had previously been revived will continue the lien of the judgment for five years; and this is the case, although an agreement to revive the judgment is subsequently filed, containing no reference to the sci. fa. or to the number

and term to which it was entered, but referring to the term and number of the previous revival.

To the same effect is Lichty, Admr., v. Hochstetler, 91 Pa. 444. This case is interesting, arising, as it does, in the Court of Common Pleas of Somerset County, and having the late General William H. Koontz as counsel for plaintiff in error, and the well-known lawyers, Baer & Baer, for defendants in error. Mr. Justice Gordon delivered the opinion of the court in 1879. The court below was reversed. It had ruled that not only must a sci. fa. issue within five years, but it must be prosecuted with reasonable diligence, and that the suffering of 14 months to elapse from the service of the writ to the issuing of an alias against terre-tenants was not an exhibition of due diligence. The court's conclusion evidently was based upon the case of Westmoreland Bank v. Rainey, 1 Watts 26, which arose under the Act of 1798, supra. In the course of the opinion, Mr. Justice Gordon says:

"However applicable this reasoning may have been to the provisions of the Act of 1798, it certainly does not apply to those of 1827; for, as was shown by Mr. Justice Rogers, In Re Meason's Estate, 4 Watts 341, and as will also appear by the act itself, the issuing of the scire facias alone, without the entry of judgment, will continue the lien for five years from the date of such issue. And upon the question of what is due diligence, he says: 'The law does not recognise the possibility, when due diligence has been used, that the plaintiff can fail to obtain a judgment of revival within the period of five years; and what is due diligence is indicated by the act, viz., having a judgment of revival within that time.' "

But in Silverthorn v. Townsend, 37 Pa. 263, 267, Mr. Justice Strong says that this was so under both the acts above mentioned; hence, where judgment had been entered on January 23, 1851, sci. fa. to revive sued out in August 1855, returned nihil as to defendant, and served on the terre-tenant, it was held that had there been no other sci. fa. the lien of the judgment would have been

continued for five years from the date on which the first writ was issued. When speaking of the alias, which was issued to bring in defendant on April 7, 1858, the learned justice says:

"If then the alias *scire facias*, instead of being an abandonment of the first writ, was a prosecution of it, the land was not discharged from the lien of the judgment".

"If the return had been *tarde venit* . . . the lapse of time before the issuing of the *alias* would not have postponed": Fulton's Estate, 51 Pa. 204, 209. This case also indicates that due diligence has been used when a revival is actually brought about within the period of five years.

The Acts of March 26, 1827, 9 Sm. L. 303, sec. 1, and of June 1, 1887, P. L. 289, sec. 1, in no respect change or qualify the provisions of the former acts, beginning with the Act of 1798, supra, insofar as relates to the effect of the issuing of a writ of sci. fa. to revive: Specht v. Sipe, supra.

The persistence of the original judgment is indirectly indicated in the case of Lawrence Savings & Trust Co. v. John B. Thorson Co. et al., 316 Pa. 420 (1934), wherein it was held in an opinion by the late Chief Justice Frazer that although he had no Pennsylvania precedent or any of the Supreme Court of the United States that a judgment creditor was entitled to a writ of sci. fa. as against the contention that a judgment entered within four months of the bankruptcy was null and void, and consequently there was no valid lien to continue such revival, yet the judgment was valid and the lien of the original judgment was preserved as against the real property, although there was no further personal liability on the judgment.

The facts concerning the issuing of the original writ of sci. fa. in the present case, and the later issuance on the original judgment of alias and pluries writs, leave no room to doubt that the intention was to pursue and con-

tinue the lien of the original judgment, and hence the question of abandonment does not arise.

It has been earnestly argued by counsel for exceptant in support of his exceptions that there having been no return of the original writ of sci. fa. it must be considered as abandoned. In support of his contention he cites Bovaird & Seyfang Mfg. Co. v. Ferguson, 215 Pa. 235. There a summons in assumpsit issued within six years from the maturity of a note and was returned n. e. i., and alias summons issued within six years from the return of the original summons, and was also returned n. e. i., and a pluries summons issued, and was returned served after the expiration of six years from the return day of the original process, but within six years from the return of the alias. It was held the action was not barred by the statute of limitations.

Mr. Justice Brown, in his opinion, cites McClurg v. Fryer et al., 15 Pa. 293; in which case a summons issued above four years after the right of action on a guaranty arose was returned nihil, and an alias issued above five years from the issuing of the first, and it was held that the original and alias were so connected as to prevent the running of the statute of limitations from the time of the issuing of the original summons.

Counsel also cites Prettyman v. Irwin, 273 Pa. 522, which holds that if an alias be not issued within the statutory period after the original it will be considered, as far as the statute of limitations is concerned, as the commencement of the action. While we recognize this to be true, we do not find it to apply to the facts of our present case. Nor is the case cited of Murta et al. v. Reilly, 274 Pa. 584, 587, in point, as that case related to the service of process in the commencement of the action, which is a very different situation from the issuing of a sci. fa. upon a judgment already obtained.

The case of Ledonne v. Commerce Ins. Co., 307 Pa. 1, also cited, simply holds that an action is commenced when the præcipe is filed with the prothonotary, and when that

official, on behalf of the court he represents, issues the summons and delivers it to a proper person, so that it passes from the former's control and is in the way of being served. This may be done by handing the writ to plaintiff's attorney, who is a proper person to receive it, and who within the prescribed return time turns over the writ to the sheriff for service, by whom it is served. The distinction is made, as in the case of Johns' Estate, supra, that the writ of sci. fa. to revive and continue a lien of the judgment on real estate had not been issued or sued out within the meaning of the Act of March 26, 1827, supra, and its supplement, June 1, 1887, supra, where, although prepared, the writ had never left the prothonotary's hands.

In Guinto v. Philadelphia Fire & Marine Ins. Co., 21 D. & C. 573, also cited by counsel, the question raised was whether action had been begun within the 12 months specified in the contract; and it was held where the original summons remained in the prothonotary's office until after the time it should have been served there was no issuance of the writ; that actions are commenced when the writ is sued out and delivered to the sheriff or his deputy, or sent to either of them, with the bona fide intention of having the same served. An alias summons issued 14 months and eight days after the return of the original summons was held to be too late, no action having been actually commenced within the 12-months contractual period in the policy of insurance, in which case the alias writ must be considered as the commencement of the action. This conclusion is well supported by authorities, but does not rule the present case, because it relates to the commencement of the original action and not to an issuance of a sci. fa. upon a judgment already obtained.

The second and third exceptions relating to the alleged nonexistence of the Union National Bank, and that the action on which its judgment was recovered was instituted without the authority of plaintiff, are likewise incapable of being sustained.

And now, September 14, 1936, the exceptions are dismissed, and it is directed that distribution be made according to the schedule of the sheriff.