58      109
30 SC ³⁶637

# Diese *versus* Fackler *et al.*

1. Land of a decedent was sold after his death on a judgment obtained in his lifetime, without a writ of scire facias against his personal representative; after the sale the executrix filed a paper waiving a scire facias and all irregularity and error in the proceedings; the sheriff afterwards made a deed to the purchaser. In an ejectment for the land by the purchaser the court directed a nonsuit for want of a scire facias against the executrix before the execution under section 33 of Act of February 24th 1834. *Held* to be error.

2. The permission of the court for filing the paper was to be presumed, and if irregular or erroneous could not be set aside in the ejectment.

3. An amicable scire facias in such case is equally available with a *writ;*

[Diese *v.* Fackler.]

and, with the consent of the personal representative, the court might permit the amicable action to be filed *nunc pro tunc.*

4. The sole object of the law is to give the personal representative an opportunity to show cause against it.

5. Cadmus *v.* Jackson, 2 P. F. Smith 295, remarked on.

February 3d 1868. Before Thompson, C. J., Strong, Agnew and Sharswood, JJ. Read, J., at Nisi Prius.

Error to the District Court of *Philadelphia:* to January Term 1867, No. 354.

This was an ejectment, brought by Ernest Diese against Ehrhart Yerger, Louis Bergdoll and Charles Psotta. Lewis F. Fackler was afterwards admitted to defend as landlord.

The property in question was, on the 15th of August 1850, conveyed to Philip Blaess and Henry A. Bergmann in fee.

A judgment was entered, on the 3d of August 1864, in favor of George Spamer against Blaess: Blaess died January 23d 1865, having devised all his property to his wife, Margaret Blaess, for life, and appointed her executrix of his will, on which letters testamentary were duly granted to her. On the 7th of ·July a fi. fa. was issued on the judgment, and under a venditioni, issued August 23d 1865, the interest of Blaess in the land was sold, September 4th 1865, to the plaintiff.

On the 11th of same September, Mrs. Blaess, as widow and executrix of the defendant, executed and filed with the record of the judgment, a paper by which " for the purpose of curing all supposed defects and irregularities" in the judgment and proceedings thereon, she substituted herself " as the personal representative" of the defendant, declared that there was no valid objection to the claim of the plaintiff in the judgment, ratified the various writs of execution and waived " all right to or necessity of issuing any writ of scire facias against her," and all objections generally. On the 15th of same September the sheriff conveyed the interest of Blaess to Diese. Fackler, after the conveyance, became owner of· a judgment against Blaess, and appeared before the auditor to distribute the proceeds of sale; the whole of which was claimed by him and awarded to him by the auditor. The report of the auditor had not been filed at the trial.

The plaintiff offered evidence that neither of the defendants nor Fackler claimed " title to the premises in question by, from, through or under Philip Blaess." Which offer, on objection by the defendant, was rejected, and a bill of exceptions sealed.

The plaintiff having closed, the court directed a nonsuit to be entered and sealed a bill of exceptions.

The plaintiff took out a writ of error.

The principal error assigned and that above considered by the Supreme Court was the entry of the nonsuit.

[Diese v. Fackler.]

*B. Woodward*, for plaintiff in error.—The sale was not complete till its confirmation: Hall v. Benner, 1 Pa. R. 402; Morrison v. Wurtz, 7 Watts 437; Stephens' Appeal, 8 W. & S. 188. The principle of relation applies: Wallace v. Lawrence, 1 W. C. C. R. 503; Act of February 24th 1834, § 33, Pamph. L. 79, Purd. 288, pl. 99. The irregularity was cured by the confirmation of the sale: Thompson v. Phillips, 1 Bald. 246; Crowell v. McConkey, 5 Barr 168; Bennett v. Fulmer, 13 Wright 160; Speer v. Sample, 4 Watts 367.

Fackler on the day of sale was neither creditor nor owner and could not defend against the title of the purchaser: Phelps v. Parks, 4 Verm. 488; Bennett v. Fulmer, 13 Wright 160. He acquiesced by allowing the purchaser to pay the purchase-money and is estopped: Crowell v. McConkey, 5 Barr 176; Wray v. Miller, 8 Harris 111, 116, 117; Crawford v. Boyer, 2 Id. 384; 10 Barr 208; Cash v. Tozer, 1 W. & S. 528. He was estopped also by claiming the fund before the auditor: Spragg v. Shriver, 1 Casey 286; McPherson v. Cunliff, 11 S. & R. 422; Wilson v. Bigger, 7 W. & S. 111; Stroble v. Smith, 8 Watts 280; Mitchell v. Freedly, 10 Barr 208; Commonwealth v. Shuman, 6 Harris 346; Adlum v. Yard, 1 Rawle 171; Furness v. Ewing, 2 Barr 479; Smith v. Warden, 7 Harris 424.

*I. N. Brown*, for defendants in error, cited Cadmus v. Jackson, 2 P. F. Smith 295; Wood v. Colwell, 10 Casey 92; Mitchell v. Hamilton, 8 Barr 491; Hill v. Epley, 7 Casey 334; Bennett v. Fulmer; Act of February 24th 1834, *supra*.

The opinion of the court was delivered, February 10th 1868, by

SHARSWOOD, J.—It is contended that as Blaess, the defendant in the judgment of Spamer, died subsequently thereto, the execution issued thereon, without a scire facias against his personal representative, was absolutely void (Cadmus v. Jackson, 2 P. F. Smith 295); that no title passed to the purchaser, and that it was not in the power of the executrix to ratify it. Though the Act of February 24th 1834, § 33, Pamph. L. 79, literally construed requires a writ of scire facias, we think that it cannot reasonably be doubted that an amicable action of scire facias entered under the provisions of the Act of June 13th 1836, Pamph. L. 578, would be equally available. It was competent for the court, with the consent of the executrix, to have permitted such amicable action to be filed *nunc pro tunc*. Such an order is within the discretionary power of the court, to be exercised in every case with due caution and so as no injury is thereby caused to third persons. The sole object of the law in requiring the personal representatives of the decedent to be warned by writ of scire facias before an execution shall issue, is to give them an opportunity to be heard in order to

[Diese *v.* Fackler.]

show cause, if any they have, against it.    I see no reason why the maxim *quilibet potest renunciare juri pro se introducto*, should not apply.    When by writing filed the personal representative agrees, as was done in this case, that the proceedings shall stand " as if a writ of scire facias had been duly issued and been duly prosecuted to judgment before the issuing of the said writs of execution or either of them," it is difficult to comprehend why the executions are not rendered valid.    No possible injury could be done to any third party.    The only person entitled to be made a party and to be heard comes in of her own accord and makes herself such.    It is true that there was no order made by the court directing the agreement to be filed *nunc pro tunc*, but their permission to the filing is to be presumed, and the instrument itself by its terms and object indicated that it was to be considered as filed before, and for the purpose of curing the defect in the previous process, all this was done before the sale on the execution had been consummated by the acknowledgment of the sheriff's deed to the purchaser, and the proceedings, therefore, were still *in fieri*.    Had the executrix refused to agree to this measure the court would have been bound to set aside the execution, and the purchaser would have been relieved from his bid.    He paid his money and accepted his deed on the faith of the record as it stood thus amended.    If it was irregular and erroneous it cannot be reversed or set aside in this action.    It would push the doctrine of Cadmus *v.* Jackson to an unwarrantable extreme to hold that the vice of issuing an execution without a scire facias cannot be cured by the voluntary appearance of the personal representative, thus becoming a party to the proceeding before the title of purchaser had become complete.    There was in that case no pretence of waiver.    The reason of the law is the life of the law and *apices juris non sunt jura*.

Under this view of the law it is unnecessary to decide whether the defendant Fackler was estopped from denying the plaintiff's title by appearing before the auditor appointed to distribute the proceeds of the sheriff's sale, and claiming as assignee of a judgment against Blaess.    We think the court below were in error in entering the nonsuit.

Judgment reversed, and *procedendo* awarded.