# Andrew Biesecker, Assignee, *v.* Seraphina E. Cobb, Executrix and Charles E. Coursen, Appellants.

*Decedent's estate—Judgments—Expiration of lien.*

A judgment entered more than five years before the death of a decedent and not revived does not lose its lien at the expiration of two years, but continues a lien for five years after his death.

*Lien of judgments—Decedent's estate—Act of June 8, 1893.*

The Act of June 8, 1893, P. L. 392, which limits the lien of debts of a decedent not of record to two years, does not apply to judgments, although they may be more than five years old at the date of the decedent's death.

*Judgments—Revival—Service of sci. fa. on terre-tenants—Act of June 1, 1887.*

The Act of June 1, 1887, P. L. 289, does not require the service of a sci. fa. to revive a judgment upon a purchaser who took title after the ser-

vice of the writ on the executrix of the judgment debtor. Such a purchaser is not a terre-tenant who must under the act be served with the sci. fa.

Argued Jan. 16, 1900. Appeal, No. 50, Jan. T., 1900, by defendants, from judgment of C. P. Wayne Co., March T., 1899, No. 7, for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and MITCHELL, JJ. Affirmed. Opinion by RICE, P. J.

Appeal from justice of peace. Before PURDY, P. J.

It appears from the record that this was an appeal from a justice of the peace, and that afterwards, by agreement of counsel, it was made an action of ejectment, and submitted under the provisions of the act of April 22, 1874, for trial by the court.

The court below, PURDY, P. J., filed the following opinion:

This cause was submitted, under the provisions of the act of April 22, 1874, for trial by the court without a jury.

The principal facts are these: Charles M. West held a judgment against E. S. H. Cobb, entered April 28, 1888, to No. 234, March term, 1888, in the common pleas of Wayne county. Charles M. West died September 9, 1888, and E. S. H. Cobb died October 31, 1893, testate, leaving a widow and children. The will of decedent, made April 28, 1892, and admitted to probate August 9, 1894, disposed of his estate as follows: " After all my lawful debts are paid and discharged, the residue of my estate real and personal I give, bequeath and devise as follows, to wit: To my wife, Seraphina E. Cobb, the right of dower and the balance of my estate real and personal to my surviving children, share and share alike." The testator left no real estate except the land in suit, and this was owned by him at the time of the entry of the West judgment. March 3, 1896, a scire facias was issued to revive this judgment and was served April 9, following, on the widow as executrix, etc. April 16, the executrix made an affidavit of defense, to the scire facias, which was filed by her attorney, W. S. Huslander, May 4, 1896. April 16, the same day the affidavit of defense was made, the widow and children conveyed all their right, title and interest in the land to their attorney, W. S. Huslander. The issue on

the scire facias was on the list of causes for trial March 14, 1898, but was continued on the application of the defendant's attorney, who, three days later, conveyed all his right, title and interest in the land to Charles E. Coursen, now the son-in-law of one of the devisees. On trial of the scire facias a verdict was rendered for the plaintiff, May 3, and judgment was entered on the verdict July 12, 1898, for $574.09. Execution issued on this judgment August 9; the sheriff sold the land September 30, and the deed for same was duly executed by him to the purchaser, the plaintiff's assignor, October 6, 1898. Notice of the title claimed by the defendant, Coursen, was given at and previous to the sheriff's sale. After the sale notice to quit was given and proceedings to recover possession was instituted by the plaintiff, before a justice of the peace, through which, by agreement of the parties, this action of ejectment resulted.

The defense set up is that the judgment under which the sale was made was no lien on the land in the hands of the defendant Coursen, and therefore, the sale by the sheriff passed no title to the purchaser.

We find and decide as the law governing the case:

1. That the West judgment was a debt of record of E. S. H. Cobb immediately before his decease, and while then not a lien on his land, it became so immediately upon his death, and the lien, so created, would continue for five years without any proceedings to revive it.

2. That the debt in question does not fall within the class, the lien of which is limited to two years from the death of the debtor by the act of June 8, 1893.

3. That the sale of the land in question by the sheriff passed a good title to the purchaser.

4. That the plaintiff is entitled to recover, in this action, the land in his declaration, filed June 29, 1899, with costs of suit. . . .

The 24th section of the Act of February 24, 1834, P. L. 70, limits the lien of debts, other than those secured by mortgage or judgment, to five years after death, upon real estate of decedents. The 25th section of the act relates only to judgments which are liens at the time of the death of the decedent. The West judgment was not a lien at the time of the death of the defendant in it, but it is said in Baxter v. Allen, 77 Pa. 468, to be within the exception contained in the 24th section of said

act. It may be somewhat difficult to harmonize the language of the court in Baxter v. Allen with that of Moorhead v. McKinney, 9 Pa. 265, and McMurray v. Hopper, 43 Pa. 468. We fail to see the distinguishing principle between the relation, to the lands of a decedent, of a judgment, the lien of which is extinguished by limitation, and one which is not a lien because the land was acquired after entry of the judgment. Neither is a lien before the death of the debtor and both become liens by reason of his death. But all that is decided by the latter two cases is that the lands of a decedent, upon which a judgment is not a lien at the time of his death, are discharged therefrom in the hands of his widow and heirs unless revived against them or suit be brought for that purpose, within five years from his death. And there is no conflict between the decisions in the three cases.

But, whether the West claim was a judgment, within the exception in the act of 1834, section 24, or only a debt not falling within the exception, it was a lien on decedent's real estate for five years from his death, unless legislation subsequent to the act of 1834 has changed the law. It is claimed by the defense that the act of June 8, 1893, effects such a change and that, under this act, the lien of this debt upon the real estate of the decedent was extinguished at the end of two years after his death. This act is entitled "An act to limit the duration of the lien of debts of decedents other than of record on their real estate." Mortgages and judgments are expressly excepted from its operation, and the whole tenor of the act clearly shows that it was designed to apply to debts, "not of record of said decedents," as expressed in its 4th section.

Aside from the question of the lien of this debt upon the realty by operation of law, above discussed, there is, at least, ground for argument that it is made a charge upon the land by the testator himself. It will be observed that what is devised to the widow and children is the residue. "After all my (his) lawful debts are paid and discharged." In 1 Redfield on Wills, 209, the author says : "Where the testator directs his debts and legacies to be first paid, and then devises real estate ; or where he devises the remainder of his estate, real and personal, after payment of debts and legacies, it will be held to charge the realty." And if a charge were thus created, a bona fide pur-

chaser whose title comes through the devisee would be affected with notice of the charge. It is true that debts are presumptively payable out of personalty. But in the present case it appears from the inventory and appraisement, filed in the register's office (though not offered in evidence) that the personal estate of the decedent amounted to but $7.50. So the devisor must have contemplated that this debt should be paid out of the land, and, therefore, he devised the residue after payment and discharge of debts. This phase of the case, is however, only discussed incidentally; the decision being based upon other grounds, we do not judicially determine that the will of the testator made his debts a continuing charge upon his real estate beyond the statutory limit.

It is, however, contended by counsel for the defendant that, if it be conceded that this debt remained a lien for five years after decedent's death, yet the sale passed no title, for the reason that the terre-tenant, Coursen, was not made a party to the scire facias proceeding as required by the Act of June 1, 1887, P. L. 289, and, therefore, the lien of the judgment was not continued as against him. If one who purchases from the heir or devisee, land bound by judgment against the ancestor or devisor, is a terre-tenant within the purview of this act, which may be questioned (see Searight's Estate, Stuart's Appeal, 163 Pa. 210), still neither the defendant Coursen nor his grantor Huslander was a terre-tenant when the scire facias issued, and could not " be named as such in the original scire facias." The scire facias issued March 3, 1896, and the deed to Huslander dated April 16, seven days after the scire facias had been served.

We have declined to decide the question of the bona fides of the conveyances to Huslander and Coursen. The circumstances of the attorney for the widow and devisees taking a conveyance from the very day that they made their affidavit of defense to the action of the scire facias is at least suspicious, as is also that of the defendant Coursen, a business man, now the husband of a granddaughter of the decedent, purchasing a property of which he had but little knowledge, making no inquiry as to title or incumbrances, and allowing the widow to retain the possession and receive all or nearly all of the income therefrom. But the view which we take of the law governing the case re-

solves the issues in favor of the plaintiff without regard to the bona fides of these transfers of title.

Defendants appealed.

*Errors assigned* among others were refusal to affirm as matters of law (4) that defendant having obtained title from the heirs of Cobb before judgment was obtained on which execution issued for valuable consideration, without notice, is protected and entitled to recover. (5) That section 24 of the act of 1834 is applicable only to judgments against decedent which are liens at the time of his death, and does not apply to the liens of judgments on land aliened. (6) That the purchaser of the land was a terre-tenant and to bind him the sci. fa. to revive should have been served upon him. (8) That the lien of the judgment expired in two years from the death of the decedent under the act of June 8, 1893.

*W. S. Huslander* and *F. P. Kimble*, for appellants.—The judgment as such was not a lien upon the real estate after the defendant's death, but as a debt of the decedent it was a lien.

The 25th section of the act of 1834 provides for judgments which are liens at the time of the death of the debtor: Nicholas v. Phelps, 15 Pa. 36.

All judgments, which at the time of the death of a decedent shall be a lien on his real estate shall continue to bind such estate during the period of five years from his death.

The case at bar does not come within the provisions of this section, because the judgment was not a lien on the real estate at the time of the death of the decedent: Long v. McConnell, 158 Pa. 573.

The court below says, " that the West judgment was a debt of record of E. S. H. Cobb immediately before his decease, and while then not a lien on his land it became so immediately upon his death, and the lien, so created, would continue for five years thereafter without any proceedings to revive it." If, then, this judgment was a lien on the real estate after the death of E. S. H. Cobb, it was so by reason of its being a debt of the decedent. And as section 25 of the act of 1834 does not apply to it, it must be governed by the 24th section of that act.

The court below says in answer to the defendant's third request for findings of law that the "point is affirmed as to section 25, but is denied as to section 24 of the act." It is clear then that after the decedent's death the judgment was a lien by reason of its being a debt of the decedent, and is to be enforced in accordance with the provisions of the 24th section of the act of 1834, unless subsequent legislation has changed the law.

In treating this judgment as a mere debt of the decedent we do no violence to the 24th section which expressly excepts judgments from the limitation of liens which it imposes upon debts of decedents: Moorehead v. McKinney, 9 Pa. 265; McMurray v. Hopper, 43 Pa. 468.

These cases clearly establish that where a judgment has lost its lien before the death of decedent, and has not been revived after his death, the judgment becomes a lien as a debt merely and therefore it falls directly under the provisions of the Act of June 8, 1893, P. L. 392.

The 1st section of the act of 1893, is identical with the 24th section of the act of 1834, except as to change of time from five years to two years, and the words "dying after the passage of this act," and "duly prosecuted to judgment." If, therefore, the 24th section of the act of 1834 is applied to this case, the act of June 8, 1893, must also apply. The 24th section of the act of 1834 expressly excepts judgments and mortgages, so does the act of 1893. The design of the act of 1893, inter alia, was to limit the lien of debts of decedents to two years on real estate ; both acts expressly except judgments from their operation and if the one act applies, the other ought also to apply.

The scire facias to revive was not served on the terre-tenant, neither was he named in the writ, though his deed was on record for the land that was afterwards sold before the return of the scire facias. A purchaser of land bound by the lien of the judgment is a terre-tenant: Suter v. Findley, 5 Pa. Superior Ct. 163. The whole contention here is whether the mere issuing of the scire facias is the revival of the judgment, or whether the judgment is revived when it is entered or obtained on the scire facias. We contend that since the act of 1887 a person reviving a judgment must ascertain before he enters judgment on his scire facias whether the land he is seeking to hold has

been conveyed, as evidenced by the recorded deed. In short, we contend, first, that the judgment against Cobb, entered April 28, 1888, lost its lien April 28, 1893; second, that the death of Cobb, October 31, 1893, revived the lien of the judgment as a debt for two years; third, that the sale of the land in dispute, April 16, 1896, for a valuable consideration, without notice that proceedings to revive had been commenced, passed a good title to the purchaser; fourth, that even if the judgment was a lien at the time of the sale, the purchaser not having been named in the scire facias when the judgment was revived, the sci. fa. did not avail to continue the lien of the judgment as against the purchaser or his grantee.

*H. Wilson*, for appellee.—The result of the Pennsylvania acts regarding the lien of decedent's debts, may be briefly summarized as follows :

1. At the death of the debtor, all debts become a lien on his real estate.

2. Debts not secured by mortgage or judgment remain a lien for two years.

3. Debts secured by mortgage remain a lien on the property mortgage until the presumption of payment arises.

4. Debts secured by judgment remain a lien for five years.

5. These liens may be continued by action or revival within the statutory period.

6. With respect to lien, judgments are of three classes: (*a*) those which are a lien at the time of the debtor's death; (*b*) those which have lost their lien, before the debtor's death, by failure to revive; (*c*) those which were never liens during the debtor's life, as where the land involved was acquired after the entry of judgment, or the lien was by agreement restricted to other land.

7. Judgments of the first class retain their relative priority of lien for five years, and thereafter if duly revived.

In this case, the judgment, though its lien on the defendant's land had expired for want of revival, became a lien upon the death of -the defendant, and for five years thereafter remained a lien as against all the world. Before the laspe of five years, the judgment had been revived, an execution issued, the defendant's land levied on and sold, and the sheriff's deed exe-

cuted and acknowledged.   Under all the authorities, this gave a good title.

With regard to the services of the sci. fa. to revive neither Huslander nor Coursen were terre-tenants, who as such were entitled to notice or service.   The sci. fa. was issued and served on the decedent's executrix before the conveyance to Huslander.

The act of 1887 only requires that the purchaser whose deed as recorded when the scire facias issues shall be named in the writ: Shannon v. Newton, 132 Pa. 375; Searight's Est., 163 Pa. 210.

OPINION BY RICE, P. J., March 21, 1900:

The facts of the case are very clearly stated in the findings of the learned judge of the court below, and may be briefly summarized as follows: April 28, 1888, judgment Charles M. West against E. S. H. Cobb; October 31, 1893, E. S. H. Cobb died testate devising to his wife, " the right of dower and the balance of my estate real and personal to my surviving children, share and share alike; " March 3, 1896, sci. fa. sur above judgment, served on executrix April 9, 1896; April 16, 1896, heirs and devisees conveyed to Huslander; March 17, 1898, Huslander conveyed to Coursen; July 12, 1898, judgment on sci. fa.; August 9, 1898, execution; September 30, 1898, sheriff's sale to assignors of present plaintiff.   The latter commenced proceedings before a justice of the peace against the executrix to recover possession, which on being brought into the common pleas were converted into an action of ejectment, and Coursen was permitted to defend.

It will be noticed that judgment was obtained on the sci. fa. within five years after the death of E. S. H. Cobb.

The main question is, whether or not a judgment entered more than five years before the death of the defendant, and not revived in the mean time loses its lien at the expiration of two years after his death, or not until the expiration of five years. Another question is, whether or not a purchaser from the devisees of the defendant in the judgment, who obtains title after the issuing and service of the writ upon the executrix, must be made a party to the sci. fa. in order to obtain a judgment upon which a sale can be made, that will pass a good title.

The able opinion filed by the learned judge of the court below, has made any extended discussion of these questions by us unnecessary.

Prior to the Act of April 19, 1794, 3 Sm. L. 143, the debts of a decedent were liens upon his real estate against all the world for an indefinite period of time: Konigmaker v. Brown, 14 Pa. 269. To remedy the inconveniences recited in the preamble the 2d section of the act limited the lien of debts, " except they be secured by a mortgage, judgment, recognizance or other record," to seven years. The Act of February 24, 1834, P. L. 70, sec. 24, reduced the period of lien of debts to five years, " except they be secured by mortgage or judgment." The Act of June 8, 1893, P. L. 392, further reduced the period of lien to two years. But that act, as construed by its title, applies only to " the lien of the debts of a decedent other than those of record," and expressly excepts from its operation debts " secured by mortgage or judgment."

This was a debt of record; it was secured by judgment; and whether the act of 1893 be construed as excepting from its operation all debts of record, as its title would indicate, or only such debts as are secured by mortgage or judgment, is immaterial, so far as the present case is concerned. Under either construction this debt was within the exception, unless it be held that an unrevived judgment more than five years old at the debtor's death is, as to duration of lien, to be classed as an ordinary debt. The language of the act would seem to be a sufficient answer to this proposition. But the point has been expressly ruled. In Baxter v. Allen, 77 Pa. 468, the same propostion was urged, and the cases cited here (Moorehead v. McKinney, 9 Pa. 265, and McMurray's Admr. v. Hopper, 43 Pa. 468), were cited by counsel in that case in support of it. In disposing of it the Supreme Court said: " A judgment of record at the time of the death of the defendant, though without lien on his real estate at the time of death, does not fall into the class of mere debts whose lien is limited to five years after the death of a decedent, unless suit be brought for the same according to the 24th section of the act of February 24, 1834. That section expressly excepts debts secured by mortgage or judgment; suit is unnecessary when the debt is already in judgment. The record gives notice of

the debt to all persons interested, and it remains unaffected by time, as to all volunteers, until a presumption of payment arises." In the two cases cited by appellants' counsel, the judgment never was a lien upon the land in question in the defendants' lifetime, whilst in Baxter v. Allen, as well as in the present case, it was, and, as against him, its duration was without limitation of time : Brown's Appeal, 91 Pa. 485 ; Middleton v. Middleton, 106 Pa. 252. This perhaps is the ground upon which the cases are to be distinguished. Be that as it may, Baxter v. Allen has never been questioned, and being directly in point must control here. The principle decided is as applicable to the act of 1893 as to the 24th section of the act of 1834. It follows that a judgment entered more than five years before the death of the defendant, and not revived in the meantime, does not, as against the land upon which it was a lien and of which the defendant died seized, lose its lien until the expiration of the period of five years after the defendant's death.

Upon the second question the court correctly held that, as neither Coursen nor Huslander was a terre-tenant when the sci. fa. issued and was served, the provisions of the Act of June 1, 1887, P. L. 289, did not apply to the case. As the plaintiff's counsel well says, whether those who buy lands bound by a judgment, after the issue of a sci. fa. to revive it, may be allowed to defend as terre-tenants, need not here be considered. It is sufficient that the plaintiff is not required to look up such purchasers and make them parties. If it were to be held as the defendants' counsel claim, it would not be safe to take a verdict upon the sci. fa. without searching the records in the recorder's office the moment before to ascertain whether or not the defendants had aliened the property after the jurors were sworn. This is not the law. We conclude that the judgment was valid, and that the sheriff's sale passed a good title. All the assignments of error are overruled.

Judgment affirmed.