# Bowman, Appellant, *v.* Hoke.

*Judgment—Revival—Posthumous child—Intestate laws—Devise.*

Where the owner of land devises it to his wife subject to the lien of a judgment, and the testator leaves to survive him his wife and two daughters and after his death a posthumous daughter is born, and the judgment is revived by amicable scire facias against his wife as executrix, terre-tenant and sole devisee, and the posthumous daughter claims and receives one-third of the proceeds of the land raised by a sale under the revived judgment, such daughter cannot three years thereafter, and after valuable improvements have been made on the property, tender back the money paid her and maintain an ejectment for one third-interest in the land.

Argued Oct. 24, 1905. Appeal, No. 25, Oct. T., 1905, by plaintiff, from judgment of C. P. Lebanon Co., Dec. T., 1902, No. 214, for defendant on case stated in suit of Ethel Bowman, by her Guardian, A. S. Light, v. Michael G. Hoke and George Samuel Trafford. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ, Affirmed.

Case stated in ejectment for land in Cornwall Township. Before EHRGOOD, P. J.

The facts appear by the opinion of the Superior Court.

*Error assigned* was in entering judgment for defendant on case stated.

*Warren G. Light,* for appellant.—The plaintiff in this case claims that as the will of Joseph Bowman was executed before

the appellant, Ethel Bowman, was born, he must be deemed to
have died intestate, as far as her interest in the real estate of
which he was seized is concerned : Walker v. Hall, 34 Pa. 483 ;
Barker v. Pearce, 30 Pa. 173 ; Edwards's Appeal, 47 Pa. 144;
Coggins's Appeal, 124 Pa. 10 ; Robeno v. Marlatt, 136 Pa. 35;
Hague v. Hague, 161 Pa. 643.

The authorities of Middleton v. Middleton, 106 Pa. 252, and
Diese v. Fackler, 58 Pa. 109, which were relied upon by the
lower court as deciding the question at issue, were not cases in
which the rights of a posthumous child had arisen to revoke
protanto the will of the testator.

The manner in which the different agreements and writs of
revival and fi. fas. were signed and issued, in which " Annie
Miller, late Bowman, terre-tenant, executrix and sole devisee
of Joseph Bowman, deceased, the original defendant, and Levi
Miller, her husband," was the only party in signing and the
only defendant in adverse proceedings, clearly indicate that
there was never any intention on the part of the defendant or
plaintiff in the judgment to bind the interest of any other per-
son thereunder, but such, as Annie Miller, late Bowman, her-
self received, under the will of Joseph Bowman, deceased.

*George B. Woomer*, for appellee.—The revival of a judgment
by scire facias against an executor or administrator without
joinder of widow and heirs has been held proper in a long line
of cases : Hall's Appeal, 1 Pennypacker, 223; Grover v. Boon,
124 Pa. 399; Specht v. Sipe, 15 Pa. Superior Ct. 207 ; Middle-
ton v. Middleton, 106 Pa. 252; Diese v. Fackler, 58 Pa. 109.

A will by subsequent birth of the issue is revoked pro tanto as
to them and testator dies intestate as to them, but the appoint-
ment of the executor is good and such executor is then the repre-
sentative of the estate of the decedent: Beard v. Beard, 3 Atkyn,
72; Meyer's Est., 20 Phila. 43 ; Newlin's Est., 209 Pa. 456.

One who encourages another to purchase land or who know-
ingly accepts the whole or a part of the proceeds of an irregular
or voidable sale is estopped from attacking the validity of the
title thereby acquired : Spencer v. Jennings, 139 Pa. 198;
Smith v. Warden, 19 Pa. 424.

A judgment will be conclusive not only as to matters actually
litigated and decided, but as to every ground of recovery and

defense that might have been presented and decided: Long v. Lebanon National Bank, 211 Pa. 165.

OPINION BY ORLADY, J., March 12, 1906:

After an action of ejectment was regularly at issue, the parties agreed upon the facts, and submitted them in the form of a case stated for the opinion of the court, as to whether the plaintiff was entitled to recover the one-third of the premises in dispute and certain mesne profits.

Joseph S. Bowman, the father of the plaintiff, died February 9, 1884, seized in fee simple of the land in controversy, subject to the lien of a judgment entered in 1882, for $1,250, in favor of Rudolph Miller. He left to survive him a widow, Annie M. Bowman, and two children, Eva V. Bowman and Annie Bowman, and on June 22, 1884, there was born to his widow a posthumous child, Ethel Bowman, the plaintiff in the action. By his last will and testament, duly probated, Joseph S. Bowman demised and bequeathed his whole estate, of which the land in dispute is a part, to his wife, Annie M. Bowman, subject to the lien of the mentioned judgment and named her as his executrix. The Miller judgment was revived twice by amicable scire facias, and later by regular writs of scire facias and alias scire facias, so that on January 28, 1898, a judgment was entered for $1,774.90 costs, etc. The amicable writs were signed by, and the adverse writs were issued against, " Annie M. Bowman, terre-tenant, executrix, and sole devisee of Joseph S. Bowman, deceased, original defendant, and Levi Miller, husband of Annie M. Bowman."

On May 22, 1899, the land was sold by the sheriff of Lebanon county, by virtue of a writ of alias fieri facias ; the proceeds of sale, with the consent of all the parties in interest, were paid into court, and an auditor was appointed to " pass on and report matters raised by the affidavit of controversy filed in matter of said execution by Annie M. Miller, and report distribution of said fund to and among all parties legally entitled thereto." At the hearing before the auditor, Ethel Bowman appeared by her then guardian, and claimed to be entitled to a one-third interest in the property sold, free from the lien of the said judgment upon which the property was sold, alleging it to be irregular. The auditor held that by virtue of the Act

of April 8, 1833, P. L. 249, sec. 15, Ethel Bowman, the plaintiff, had a one-third interest in the property, subject, however, to the liens created by the testator in his lifetime; and, further, that the proper formalities of the law were followed in the revivals of the original judgment by the amicable writs and the subsequent writs of sci. fa. and al. sci. fa., which culminated in a valid judgment, on which the sale of the real estate by the sheriff was made.

Based upon these conclusions, the auditor awarded to Ethel Bowman by her guardian, M. H. Bowman, one-third of the fund for distribution to wit: $428.03. The report was confirmed absolutely on December 28, 1899, and the money paid out in accordance with the distribution to the parties entitled thereto. From this judgment no appeal was taken.

After the action of ejectment, upon which this case stated is founded was brought, on December 19, 1902, and after George S. Trafford, the defendant who is in possession of the land under the title acquired through the sheriff's sale had expended $5,000 in improving the property, Ethel Bowman, by her present guardian, made a tender of the sum of money she received through the confirmation of the auditor's report, which was refused.

The status of Ethel Bowman, is fully and clearly defined by Chief Justice MITCHELL in Newlin's Estate, 209 Pa. 456. "The statute (act of 1833) is founded on the same presumption that the unborn child was not in contemplation of the testator when he made his will, and that if he had lived, he would have changed the provisions. It gave the unborn child no greater rights in the parent's estate than the living children, but it did raise in his favor a legal presumption that required a definite provision to overcome."

When we recall that his will is dated August 14, 1883, that he died February 9, 1884, leaving two daughters who are not provided for in any way in his will, all suggestion of legal difference in the rights of this child in the distribution of his estate is answered. The act of 1893 determines her standing, and the auditor in accordance therewith, decided that as to this child and this land Joseph S. Bowman died intestate, "as if he had actually died without a will." It is unnecessary to answer in detail the argument of the appellant as to the regu-

larity of the several revivals of the original judgment.   Diese
v. Fackler, 58 Pa. 109; Middleton v. Middleton, 106 Pa. 252;
Grover v. Boon, 124 Pa. 399; Colenburg v. Venter, 173 Pa.
113; Biesecker v. Cobb, 13 Pa. Superior Ct. 56; Specht v.
Sipe, 15 Pa. Superior Ct. 207, furnish ample authority for the
proposition that an amicable scire facias is equally available
with a writ; the sole object of the law is to give the personal
representative an opportunity to show cause against it; "when
a judgment has been recovered against a man in his lifetime
it may be revived after his death for the purpose of lien and
execution, by a scire facias to revive, et quare executionem
non, issued against his personal representatives alone, in such
case it is unnecessary to bring in the widow and the heirs by
a scire facias against them."

Under the authorities, the Miller judgment was regularly
revived as a lien on the decedent's estate, and the sale of the
premises by virtue of the al. fi. fa. issued thereon discharged
the plaintiff's interest in the land.   The plaintiff so regarded
her rights when she made her demand for a share of the pro-
ceeds before the auditor, and she allowed the judgment of the
court in her favor to become final and conclusive on Octo-
ber 16, 1899, "not only as to matters actually litigated and
decided, but as to every ground of recovery and defense that
might have been presented and decided: Long v. Lebanon Nat.
Bank, 211 Pa. 165."   She accepted the fruit of her contest and
must be held bound by the judgment she secured in the tri-
bunal of her own selection; her tender of the money so
secured, after three years had elapsed, and after valuable im-
provements had been made on the property, cannot avail her.

The judgment is affirmed.